11-4243                                                    BIA
He v. Holder                                        A087 467 417

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of September, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

ZHU HE, AKA JIAN ZHENG HE,
> *Petitioner,*

v.                                             11-4243
                                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Feng Li, Moslemi and Associates, Inc., New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Gregory M. Kelch, Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhu He, a native and citizen of the People's Republic of China, seeks review of a September 23, 2011, decision of the BIA affirming the May 25, 2010, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zhu He*, No. A087 467 417 (B.I.A. Sept. 23, 2011), *aff'g* No. A087 467 417 (Immig. Ct. N.Y. City May 25, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's decisions, including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Liu v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

2

For asylum applications, such as He's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, candor, or responsiveness, as well as any inconsistencies between the applicant's statements and other record evidence, without regard to whether the inconsistencies go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

The IJ found that He appeared uncomfortable and "looked up" when asked questions that diverged from his prepared statement, but He claims that he was merely searching his memory. However, He's explanation for his questionable demeanor "misapprehends the degree of deference we must afford to the IJ's credibility findings" because a petitioner "must do more than offer a plausible explanation ... to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (emphasis and internal quotation marks omitted); *see also Li Zu Guan v. INS*, 453 F.3d 129, 139-40 (2d Cir. 2006) (noting that

3

particular deference is given to the trier of fact's assessment of demeanor because demeanor is "paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate").

He also claims that the agency's inconsistency findings were not supported by substantial evidence because they were too "minor and equivocal," and the agency failed to consider his plausible explanations for the inconsistencies between his testimony and his mother's letter. However, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (emphasis in original) (internal quotation marks omitted). Moreover, the agency reasonably declined to credit He's explanation that the inconsistencies were due to a translation error because the new translation of his mother's letter was still inconsistent with his testimony. *See Majidi*, 430 F.3d at 80-81 (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The agency's adverse credibility determination was further supported by He's failure to corroborate his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) (explaining that an applicant's corroborating evidence may rehabilitate otherwise questionable testimony). Because He's testimony was not otherwise credible, the agency properly relied on the lack of corroborative evidence, including medical records and employment verification, in finding that He failed to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (concluding that the agency was not required to identify and determine whether corroborative evidence is reasonably available when the applicant was not otherwise credible). Moreover, He's claim that the corroborative evidence identified by the agency was not reasonably available is belied by his own testimony that he failed to submit it because he did not think to request it.

Accordingly, because the totality of the circumstances supports the agency's adverse credibility determination, we defer to that finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to He's life or freedom depended upon his credibility, the adverse credibility determination in this

5

case necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Finally, He has waived his CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk